IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE ADDLEMAN, | ) | 4:12CV3240 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE RINE-SABATKA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Lawrence Addleman's ("Petitioner" or "Addleman") Amended Petition for Writ of Habeas Corpus ("habeas corpus petition"). (Filing No. 7.) For the reasons set forth below, the court finds that a grant of a writ of habeas corpus is not warranted on any of the issues set forth in Addleman's habeas corpus petition.

Liberally construed, Addleman argues that he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Addleman was denied due process of law in violation of the Fourteenth Amendment because investigators did not question Addleman's children and parents.

Claim Two: Addleman was denied due process of law in violation of the Fourteenth Amendment because his *Miranda* rights were not explained to him.

Claim Three: Addleman was denied due process of law in violation of the Fourteenth Amendment because no chemical analysis was performed on the evidence.

Claim Four:   Addleman was denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel "told [him] what to say."

(*Id.*)

# I. BACKGROUND

## A.   Conviction

The State of Nebraska charged Addleman by information in the District Court of Dodge County, Nebraska ("state district court"), with first degree sexual assault of a child.  (Filing No. 13-1 at CM/ECF p. 14.)  On November 22, 2010, Addleman pled no contest to the charge.  (*Id.* at CM/ECF pp. 16-17.)  On January 10, 2011, the state district court sentenced Addleman to a period of not less than 30 nor more than 50 years' imprisonment.  (*Id.* at CM/ECF p. 18.)  Addleman did not file a direct appeal of his conviction and sentence.

## B.   Post-Conviction Motion

Addleman filed a motion for post-conviction relief in the state district court on December 1, 2011.  (*Id.* at CM/ECF p. 29.)  Addleman argued that his trial counsel was ineffective because he failed to move to suppress evidence, failed to have psychiatric evaluations performed on Addleman and the victim, and failed to file a direct appeal based on his own ineffective assistance.  (*Id.* at CM/ECF pp. 30-31.)  On March 8, 2012, the state district court denied Addleman's post-conviction motion in its entirety.  (*Id.* at CM/ECF pp. 38-40.)  Addleman did not appeal the state district court's order denying post-conviction relief.

## C.    Habeas Corpus Petition

Addleman filed a habeas corpus petition in this court on December 7, 2012, which consisted of 108 numbered paragraphs of questions he had about his state court conviction.  (Filing No. 1.)  The court determined that the petition did not present any cognizable claims for relief and ordered Addleman to file an amended petition for writ of habeas corpus, which he did on April 15, 2013.  (Filing No. 7.)  Respondent filed an answer, a brief in support of the answer, and the relevant state court records in response to the habeas corpus petition.  (Filing No. 13, Filing No. 14, and Filing No. 15.)  Thereafter, Addleman filed a letter brief in support of his petition.  (Filing No. 16.)  The court deems this matter fully submitted.

## II.  STANDARD OF REVIEW

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1)        An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

        (A)    the applicant has exhausted the remedies available in the courts of the State; or

        (B)    (i)    there is an absence of available State corrective process; or
             (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

3

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that

4

the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

### III. DISCUSSION

Respondent argues, and the court agrees, that all of Addleman's claims are procedurally defaulted. Addleman did not raise any of his claims in any of the Nebraska state courts. As set forth above, Addleman did not file a direct appeal of his conviction and sentence or appeal the state district court's order denying post-conviction relief. For these reasons, the court finds that Addleman did not raise any of his claims in one complete round in the Nebraska state courts as required by 28 U.S.C. § 2254(b)(1). *Akins*, 410 F.3d 451 at 454-55 (stating that in Nebraska "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the

petitioner).  Moreover, he cannot now raise the arguments in a successive motion for post-conviction relief.  *See Ortiz*, 670 N.W.2d at 792.  As such, Addleman's claims are procedurally defaulted.

Addleman has not argued, much less demonstrated, cause and prejudice for the default of his claims or that the court's failure to consider his claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (stating claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim).  Addleman does allude to being "low functioning," which raises the question of whether Addleman's claimed mental impairment could establish cause to excuse the procedural default of his claims.  The court concludes that it could not.

First, in its order denying post-conviction relief, the state district court rejected Addleman's claim that he is lower functioning.  Addleman had argued in his post-conviction motion that his trial counsel was ineffective for "failing to obtain a competency hearing upon learning that [Addleman] was a lower functioning person." (Filing No. 13-1 at CM/ECF p. 30.)  The state district court wrote, in relevant part:

> This Court finds that the Defendant's claim that he is lower functioning is not supported by any evidence.  This Court is persuaded to the contrary by the fact that the Defendant had been married on at least two prior occasions, that he maintained regular full-time employment for the majority of his life, and that the Defendant was an active volunteer in the Fremont area.  Further, there is nothing in the record to support the contention that the Defendant was lower functioning to a level that hindered his understanding of his rights or his ability to assist in his own defense.

(Filing No. 13-1 at CM/ECF p. 39.)  Similarly, nothing in the record before this court supports Addleman's contention that he is low functioning.

Second, even assuming Addleman suffers from some minor mental impairment, it would not be cause for excusing the procedural default of his claims.  "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999).  The Eighth Circuit Court of Appeals had held that a borderline mental impairment is not a factor external to a defense.  *See Corman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) ("below-average intelligence" not "external" to defense).  *See also Hull v. Freeman*, 991 F.2d 86 (3d Cir. 1993) (petitioner's borderline mental retardation did not establish cause because it was not "external" to his defense); *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (borderline IQ of 76 did not establish cause because it was not a factor "external" to the defense; *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's diagnosis as a "borderline mental defective" was insufficient to establish cause).

For the reasons discussed above, all of Addleman's claims are procedurally defaulted.  Addleman has not shown cause and prejudice for the default of his claims or that the court's failure to consider his claims will result in a fundamental miscarriage of justice.  Accordingly, Petitioner is not entitled to habeas corpus relief on any of the grounds raised in his habeas corpus petition.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Addleman has failed to make a substantial showing of the denial of a constitutional right.  The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.   This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2.   The court will not issue a certificate of appealability in this matter.

DATED this 2nd day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.